(No. 4325-

BYRON E. JONES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1951.*

ROBERT W. McCARTHY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Byron E. Jones, filed his complaint for compensation under the Workmen's Compensation Act for an injury to the third finger of his right hand sustained while employed by respondent in the Department of Public Welfare at the Lincoln State School and Colony in Lincoln, Illinois.

On April 18, 1950, claimant was a pastry cook in the institution bakery; and, while cleaning a brush on the electric flour sifter, someone accidentally pressed the button which starts the machine. The force of the moving brush pushed his right hand against the metal edge of the clean out opening.

A medical examination was made by Dr. William W. Fox and the following was found:

1. Flexion contracture 45° at distal interphalangeal joint right ring finger with inability either to extend or flex distal phalanx. Full motion present at proximal interphalangeal joint and at metacarpophalangeal joint.
2. Scars (2) 1 inch long on lateral surface and one 1½ inches long extending from lateral surface of right ring finger .at distal interphalangeal joint to and around finger to lateral surface on palmar aspect of finger.

The record consists of the complaint, departmental report, transcript of evidence, and stipulation waiving briefs of both parties.

There is no question of jurisdiction raised in the record, and we find from the evidence that claimant was injured out of and during the course of his employment.

At the time of the injury, claimant was married, and had five children under eighteen years of age dependent upon him for support. He earned a total of $1,633.00 for the year immediately preceding his injury. His compensation rate, therefore, would be $20.00 per week. However, as the injury was incurred after July 1, 1949, this must be increased 50 per cent, making his compensation rate $30.00 per week.

From the record and the examination of the commissioner, claimant has suffered the entire loss of use of the distal phalanx of the third finger on his right hand.

We are of the opinion claimant is entitled to an award for 33⅓ per cent loss of use of the third finger of the right hand. Under Section 8, Paragraph (e-4) and Paragraph (j) as increased by Paragraph (n), this would be 8⅓ weeks at $30.00 per week or $250.00. The claimant was temporarily totally disabled for a period of eight days, or one and one-seventh weeks. Respondent paid him full salary which amounted to $44.62. The sum of $10.33 must be deducted from the award for non-productive time.

An award is, therefore, made in favor of the claimant, Byron E. Jones, in the sum of $250.00, less the sum of $10.33 paid for non-productive time, or the sum of $239.67, all of which has accrued and is payable forthwith.

Mary Kelly, Court Reporter, was employed to take and transcribe the testimony, for which she made a charge of $16.45. We find that this charge is fair, reasonable and customary.

An award is, therefore, entered in favor of Mary Kelly in the sum of $16.45.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."